### R. L. SHACKLEFORD v. THE STATE.

No. 9511.  Delivered November 18, 1925.

**1.—Arson—Charge of Court—Incorrect Penalty—Cannot be Cured.**

Where, on a trial for arson, the court instructed the jury that the minimum punishment for arson was that fixed by the Statute of 1911, which was five years, instead of that fixed by the Acts of 1917, which is our present law, the minimum being two years, this error in the charge is fatal.

**2.—Same—Verdict and Judgment Must Conform.**

Where a jury in an arson case was instructed by the court that the minimum punishment for arson was five years instead of two years in the penitentiary, and they returned a verdict assessing his punishment at five years, the court was without authority to adjudge that he serve two years. The judgment must conform to the verdict.  The only way such an error could be corrected is by granting a new trial, and for this error in the court's charge and in the judgment the cause must be reversed.

Appeal from the District Court of Oldham County.  Tried before the Hon. Reese Tatum, Judge.

Appeal from a conviction of arson, penalty erroneously assessed at five years in the penitentiary.

The opinion states the case.

*O. D. Thompson,* for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the offense of arson.

Article 1210 P. C. (Revision of 1911) fixed the punishment for arson at confinement in the penitentiary for not less than five nor more than twenty years. By the Acts of 1917, Chapter 145, Sec. 1, the Legislature changed the penalty fixing the punishment at not less than two nor more than twenty years. The learned trial judge in the present case overlooked the amendment and authorized the jury to assess the punishment at not less than five nor more than twenty years. The jury fixed the punishment at five years in the penitentiary. By written objection appellant excepted to that portion of the court's charge relative to the penalty for the reason that it was not the law and was not so provided by the Statute of the State. The exception may have been rather indefinite but we think under the circumstances that would be immaterial. Thompson v. State, 91 Tex. Cr. R. 234, 237 S. W. 926. Before judgment was entered the district attorney filed a written motion in which it is stated that the minimum punishment of five years permitted by the charge was an inadvertence, and suggested to the court that judgment be entered on the verdict of the jury assessing appellant's punishment at a term of only two years in the penitentiary. Adopting this suggestion the court did enter the following judgment. After the usual formal recitals as to appellant's plea of not guilty, etc., the judgment then proceeds:

"We, the jury, find the defendant guilty of arson, as alleged in the first count of the indictment, and assess his punishment at confinement in the penitentiary for five years.

"Roland Loyd, Foreman of the Jury."

"It is therefore considered and adjudged by the court that the defendant, R. L. Shackleford, is guilty of the offense of ARSON, a felony, as charged in the first count of the indictment herein, and as found by the jury. And it having been made to appear to the court that, inadvertently, the court, in his main charge to the jury herein, erroneously instructed the jury that the minimum punishment for the offense of arson was five years' confinement in the State Penitentiary instead of a minimum penalty of two years' confinement in the penitentiary as the law now exists under Article No. 1210 of the penal code of the State of Texas, as amended by the Legislature in the year 1917, and it further appearing to the court that

under the verdict of the jury herein finding the defendant guilty of arson, as charged in the first count of the indictment herein, the minimum penalty, under existing law, possible for the jury herein to have assessed as defendant's punishment for the offense of arson for which they found him guilty herein, was and is two years' confinement in the State Penitentiary, it is further considered and adjudged by the court that the defendant accordingly be punished by confinement in the penitentiary for two (2) years only, the plaintiff, the State of Texas, acting by and through her duly qualified District Attorney representing the State of Texas, in this cause, having duly filed herein proper waiver, motion, and request that the court adjudge defendant's punishment herein at the minimum punishment for said offense now fixed by law, and that, if defendant be sentenced herein, he be sentenced to only two years' confinement in the penitentiary; and it is further ordered that said defendant, R. L. Shackleford, be remanded to jail to await the further order of this court."

No authority directly in point has been cited nor have we found any. None of those referred to in Thompson's case (supra), nor those collated under Sec. 644, Branch's Ann. Tex. P. C., consider the exact question now before us. We have found no case reported where the punishment fixed by the jury (whether or not sanctioned by the Statute) has been departed from by the court, and judgment entered condemning accused to a different punishment than the one fixed by the jury.

No person can be convicted of a felony except upon the verdict of a jury duly rendered. (Art. 21, C. C. P.) The jury shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty. (Art. 770, Vernon's C. C. P., Art. 693, 1925 Revision). Punishment for arson is not absolutely fixed by Statute, but the jury has wide latitude in exercising their discretion in the matter. In the present case they fixed a minimum punishment authorized by the court's instructions, but not provided by Statute. The court undertook to render a judgment not authorized by the verdict. The judgment must condemn accused to be punished as has been determined by the jury. (Sec. 10, Art. 853, Vernon's C. C. P.; Art. 766, 1925 Revision). Our Statute provides that the method for correcting errors where the court has misdirected the jury as to the law shall be by granting accused a new trial. (Art. 837, Sub. 2, Vernon's C. C. P. Art. 753, 1925 Revision). We think the only way the error committed in the present instance can be corrected is by giving effect to the Statute last referred to. To hold otherwise would be to say that the trial judge may

under the circumstances here shown enter a judgment against accused other than that authorized by the jury's verdict, and would be permitting the trial judge and not the jury to assess the punishment. This is the view of our State's Attorney, with which we are in accord.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*